O’SCANNLAIN, Circuit Judge,
dissenting:
Joseph Case Burgum pled guilty to two counts of bank robbery. As noted, in both robberies Burgum approached the bank manager and identified himself as an FBI agent. Burgum handcuffed both managers to a black box which Burgum claimed was a bomb. Burgum then displayed a remote control and said,something to the effect of: “I’ve activated the bomb. This device is a remote control. If I press this button, it will blow you and half this building up.”
At sentencing, the district court calculated a Guidelines range of 108-135 months, but, ultimately, departed upward to a sentence of 180 months. During a lengthy sentencing hearing, the district court not *817 ed that one aggravating factor, among many, was that Burgum was unlikely to repay the money that he stole from the banks. The majority concludes that such mention of Burgum’s unlikeliness to pay restitution mandates that we vacate Bur-gum’s sentence and remand for resentencing.
I agree that Ninth Circuit precedent prohibits the sentencing judge from treating Burgum’s financial situation as an aggravating factor. But, as the majority concedes, because Burgum did not object to the district court’s considering his inability to make restitution, our review is for plain error. We may vacate and remand only if there is “plain forfeited error affecting substantial rights that seriously affect the fairness, integrity or public reputation of judicial proceedings.” United States v. Olano, 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). For an error to affect a defendant’s “substantial rights,” the defendant typically must show that the error “affected the outcome of the district court proceedings.” Id. at 734, 113 S.Ct. 1770. A review of the record here demonstrates that Burgum’s sentence was driven by the violent method by which he accomplished the robberies and that Burgum’s inability to make restitution for his crimes did not affect his sentence. Therefore, I respectfully dissent.
After calculating the Guidelines range and noting some mitigating factors, the sentencing judge said that he “found some very troubling, aggravating factors here, too.” “The problem and issue that I am struggling with in this case,” the judge continued, “and what was so upsetting to me was the nature of these bank robberies that [Burgum] did. First and foremost I just find the infliction of emotional distress on the bank manager and the tellers to be incomprehensible. I can’t imagine the terror that they must have fe[lt] and ... will continue to feel.” The judge indicated that Burgum’s robberies were “more terrifying” than most “because of the use of the hoax bomb,” calling the robberies “cold and calculated,” as well as “very cruel and tormenting to the victims.” “And that’s what troubles me the most about this case,” he added.
After noting some other aggravating factors, the judge moved to his standard discussion of factors he considers at sentencing (drawn, of course, from 18 U.S.C. § 3553(a)). When the judge reached the need to provide restitution, section 3553(a)(7), he was reminded of another aggravating factor: “One additional aggravating factor that I didn’t mention,” the judge noted, is that “the chances of restitution in this case are probably slim, maybe even null,” given that Burgum appeared unlikely to pay back the $258,280 he owed to the banks.
The judge revealed that he intended to depart upward to a sentence of fifteen years. He then noted that “what is ... driving me on the sentence is the nature of this offense. This is about as bad a bank robbery as I can imagine.”
The sentencing judge echoed this statement several more times throughout the lengthy proceeding:
• “[A]gain, what is upsetting to me is the nature of the offense.”
• “These offenses were two very, very serious robberies with hoax bombs; letting people [believe] that, at any moment, they could be blown to smithereens .... I have never seen anything like that. And, I’m actually surprised that everyone was saying [that a] seven and a half year[]” sentence was appropriate.
• “I can get past the criminal history.... But I just can’t get over the cruel and unusual, violent nature of the robberies, to say that a seven-and-a-half year sentence is appropriate. I just can’t do that.”
*818 • A seven-and-a-half year sentence “does not reflect the seriousness of what happened here.”
• “[W]hen I look at this offense, it was terrifying to me. It was absolutely terrifying.... I would rather [have] a gun pointed at me than someone attaching” a bomb to my wrist. “I haven’t seen ... anything as cruel as that.”
• “There is a part of me that has compassion and mercy for Mr. Burgum____But the thing that is upsetting to me, even as I speak, is I’m just envisioning handcuffs, attached to my wrist and telling me ... I could be blown up. That’s just frightening. It’s an act of terror. I can’t get by the seriousness of the offense.”
Viewed in the context of the sentencing as a whole, it is abundantly clear to me that the district judge upwardly departed because of the violent nature of the robberies, and that the judge’s reference to unlikely restitution was an incidental observation that did not affect the sentence.
I respectfully dissent.